IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TRUDY CASTLE | 1:22CR00261-001<br><br>Hon. Judge Christopher R. Cooper |

**DEFENDANT'S SENTENCING MEMORANDUM**

On August 17th, 2022, Trudy Castle pled guilty to Count One of the information in that she committed the offense of Parading, Demonstrating, or Picketing in a Capitol Building in violation of Title 40, United States Code, Section 5104(e)(2)(G).

Mrs. Castle is ashamed and truly sorry for her actions that bring her before this Honorable Court. Mrs. Castle knows she will be associated with my decision to enter the Capitol for the rest of her life, and she will relive that terrible decision every day for the rest of her life. Mrs. Castle is incredibly regretful for being a part of such a terrible event and is truly remorseful for her actions that day.

Mrs. Castle now submits this memorandum in order to assist the Court in fashioning the most appropriate sentence by addressing each of the available sentencing options under the provisions of 18 U.S.C. §3553(a), as now constitutionally required by the Supreme Court in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). This memorandum will supplement the Presentence Report ("PSR") and submit reasons why this Court should consider and grant a sentence that is below or "in variance" with the advisory Guideline level based on various factors in mitigation.

1

For the reasons set forth herein, a sentence of probation is sufficient and not greater than necessary to accomplish the goals set forth in 18 U.S.C. § 3553(a).

## OVERVIEW OF SENTENCING REPORT

## GUIDELINES (PSR ¶18-19)

Mrs. Castle agrees that pursuant to USSG Section 1.B1.9, the US Sentencing Guidelines do not apply to any count of this conviction that is a Class B or C misdemeanor or infraction, and accordingly, the US Sentencing Guidelines do not apply to Count 1 of the instant indictment.

## THE DEFENDANT'S CRIMINAL HISTORY (PSR ¶20-26)

Mrs. Castle agrees with the Criminal History Score and computation as provided in the PSR.

## SENTENCING OPTIONS (PSR ¶49-67)

### Custody– Par. 49-50:

Mrs. Castle agrees to the statutory and guideline provisions outlined in the PSR.

### Supervised Release – Par. 52-53:

Mrs. Castle agrees to the supervised release provisions as outlined by the PSR.

### Supervised Release Conditions

Mrs. Castle agrees to the terms outlined by Probation Officer Aidee V. Gavito.

### Probation

Mrs. Castle agrees to the statutory and guideline provisions as outlined by the PSR.

### Fines

Mrs. Castle agrees to the fine provisions and assessments as outlined by the PSR.

### Restitution

Mrs. Castle agrees to the restitution provisions as outlined by the PSR.

**SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)**

The purpose of sentencing as reflected in 18 U.S.C §3553 is not to be punitive but rather to be just based on the offense and offender.  Under 18 U.S.C. §3553(a)(2) the Court shall impose a sentence sufficient, but not greater necessary to reflect the purposes of sentencing, including, the need for just punishment, the need for deterrence, protection of the public, and the rehabilitation of the defendant. §3553 also orders courts to consider the history and characteristics of the defendant as well as the nature and circumstances of the offense.

**I.     Mrs. Castle's Personal History and Characteristics**

The PSR accurately explains the personal background of Trudy Castle and so that will not be repeated in full here. (PSR, ¶27-36). In summary, Mrs. Castle has been a hard-working, self-sufficient, driven individual who has always dedicated herself to her career and her family. She is a devoted and supportive single mother to her two sons who are in law school and property management respectively. She helps care for her mother who is currently in remission from breast cancer. Mrs. Castle is a college graduate, the first in her family, who has been employed as a property manager for the past 15 years, managing 450 apartment units.

**II.    This Honorable Court should consider Mrs. Castle's low risk of recidivism.**

There are a number of factors the court should consider regarding Mrs. Castle's low risk of recidivism and post offense rehabilitation.  Mrs. Castle is 57 years old, has a strong history of employment, and has a Criminal History Level of I.

Studies by the United States Sentencing Commission have repeatedly shown that older offenders at sentencing are at lower risk for reoffending.[1,2]

---

[1] See Recidivism Among Federal Defenders: A Comprehensive Overview (2016). Defendants "over the age of forty... exhibit markedly lower rates of recidivism in comparison to younger defendants.
[2] See Measuring Recidivism: The Criminal History Computation Of The Federal Sentencing Guidelines, at 12, 28 (2004) ("Recidivism rates decline relatively consistently as age increases").

3

Courts have held that a defendant's "positive personal characteristics, including his [her] solid work record and good conduct over the past few years" can demonstrate that a guidelines sentence is greater than necessary to protect the public under § 3553(a)(2)(C). *United States v. Thomas*, 595 F.Supp. 2d 949 (2009). The United States Sentencing Commission has also found that there is lower risk for recidivism if the Defendant has maintained stable employment in recent past … and recidivism rates are lower for Non-Violent Offenders.[3] Outside of the instant offense, Mrs. Castle has been a productive law-abiding citizen her entire life and a dedicated mother, daughter, and wife. Mrs. Castle has been employed as a property manager for Magellan Property Management, LLC, in Chicago, Illinois and is responsible for the management of 450 apartment units. She has no criminal background outside of the instant matter and is a non-violent offender.

This Honorable Court can be assured that Mrs. Castle is not a risk for recidivism.

### III. A Prison Sentence Would Create an Unwarranted Disparity in Sentences.

As set forth in 18 U.S.C. § 3553(a)(6), Mrs. Castle's sentence should not be unnecessarily disparate from the sentences imposed on other defendants with similar records found guilty of similar conduct.

Mrs. Castle should receive a sentence of probation due to a number of factors which align her with similarly situated January 6th Defendants who received a sentence of probation. Mrs. Castle's request for a sentence of probation is supported by early acceptance of responsibility; Mrs. Castle agreed to be interviewed and did not minimize her conduct; Mrs. Castle was a non-violent participant in line-with others who have received probation for the same offense; Mrs. Castle has no criminal history; Mrs. Castle has a successful record while on pretrial supervision; Mrs. Castle

---

[3] See Measuring Recidivism: The Criminal History Computation Of The Federal Sentencing Guidelines, at 12, 28 (2004).

has expressed remorse throughout the entire process of this case; and Mrs. Castle's personal history and characteristics.

In the matter of *United States v. Eduardo Gonzalez* (Case No. 1:21-CR-00115-CRC), the Defendant, Eduardo Gonzalez, spent 30 minutes inside of the United States Capitol Building, smoked cannabis within the Capitol Building, and according to prosecutors, "exhibited no remorse." Mr. Gonzalez received a sentence of 24 months' probation, a $1000 fine, and $500 in restitution. Unlike Mr. Gonzalez, Mrs. Castle has exhibited remorse throughout the instant matter.

In the matter of *United States v. John Wilkerson* (Case No. 1:21-CR-00302-CRC), the Defendant, John Wilkerson, entered and used a radio within the United States Capitol. Later, Mr. Wilkerson posted the following on social media, "Today was a good day, we got inside the capitol." Mr. Wilkerson received a sentence of 36 months' probation, a $2500 fine, 60 hours community service, and $500 in restitution.

The PSR notes that Mrs. Castle did not act in a managerial role, was not a violent offender, and her role on January 6th does not warrant aggravation in sentencing.

Like the other cited matters and due to the listed factors in the instant matter, Mrs. Castle should receive a sentence of probation to ensure Mrs. Castle's sentence should not be unnecessarily disparate from the sentences imposed on other defendants with similar records found guilty of similar conduct in compliance with 18 U.S.C. § 3553(a)(6).

**Character Letters**

**Philip and Alice Priemer** have known Mrs. Castle since she was a young girl. The Priemers state in pertinent part:

> "We have always known Trudy to be a terrific, dedicated, and protective mother raising her two sons while continuously working as a single mom. She is honest, dependable, trustworthy, very considerate, and good-natured; the type of daughter-in-law for whom all parents hope. She has always been a hard worker and a great

5

administrator/supervisor as evidenced by her many promotions managing world-class high-rise apartment building start-ups in downtown Chicago and other cities. Trudy is a responsible and respectful citizen."

(Letter attached Exhibit A)

**Jayme Dvorak** has known Mrs. Castle personally and professionally for over 30 years.

The Ms. Dvorak states in pertinent part:

"She impressed me [then] with her tenacity, moving from a small town in Illinois to the 'Big City' and embracing it all. She continues to work in property management/development to this day, which is an accomplishment in itself. This shows her resilience in a field where most people burn out and don't last. She has equipped herself with a wealth of knowledge and experience that any employer would consider an asset to their company. In addition, the way she handles situations with her staff, tenants and vendors exhibits her reliability, responsibility, resourcefulness, accountability and professionalism. I would put her up against the best Property Managers in the City, and she would shine brightly.

We have grown together personally, through the early years of raising our families, owning our first homes, sharing our faith and always picking up where we left off, on any phone call. I would count on exchanging opinions and advice on any subject, with her inevitably injecting her great sense of humor into the conversation. She is someone I know would be there for me if the need arose, as she is loyal and supportive to her friends but especially regarding her family. She protects and gives of herself without hesitation. She's worked hard to make sure she provided a good foundation, as a single mom, morally and responsibly for her boys and a good home for them to grow and become the standup human beings they are today. It certainly wasn't always easy, but she's endured and has become even stronger for it."

(Letter attached Exhibit B)

**Sandra DiFrancesco** is Mrs. Castle's mother. Ms. DiFrancesco states in pertinent part:

"From the day she was always my wish that she would be the first in our working-class family to graduate from college and she did not disappoint me. Three and one-half years after enrolling in St. Mary of the Woods College in Terre Haute, Indiana she graduated with a degree in Education. It was my pleasure to see her develop int a responsible adult. I watched her groom management skills that eventually channeled her interested into Property Management. Her people skills and clear, concise thinking took her to a new, successful career with a Property Management firm and managing a 300+ unit high rise building in the heart of Chicago. She is well liked in the industry and works very hard at building, and being part of, a great management team. She has been in property management from the time she graduated college and has been employed by the same firm for 15 years, a rarity in

6

the world of Property Management. She is a strong team player and is well versed in formulating budgets and keeping all of the mechanics of a large building in top, running form.

She also has integrity combined with a sense of fairness, right and wrong, and heart. She and I have identical feelings about keeping our spaces tidy and neat. I have walked with her when she inspects her building parking garage and outside areas, and she always has an eye out for things out of place or needing attention – countless times I have watched her pick up litter and dispose of it appropriately. She does the same if we are walking downtown to a restaurant or hiking on a trail and I admire that trait. She simply does not have the necessary evil in her heart to damage anyone's property. She has been a devoted mother and also a devoted daughter. She was the first to offer me help when I fractured my wrist in a bad accident several years ago and she sat with me many times while I was going through chemotherapy – even scooping me up and taking me home with her so I wouldn't be home alone.

Trudy is a person that has high moral standards and is an asset to our community and society."

(Letter attached Exhibit C)

**Helen Levinson** is a software sales executive, former Girl Scout Troop leader, and has known Mrs. Castle for over 10 years. Ms. Levinson states in pertinent part:

"I have known her [Trudy] to be a hardworking single mother and exemplary role model for her two boys. Our relationship began around 2007 through Ms. DiFrancesco, and we have been engaged in a great friendship with many years of trust and admiration. Mrs. Castle has been instrumental in offering our Girl Scout Troop 43196 the ability to sell Girl Scout cookies to the residents in her building. This activity helped our troop reach substantial sales goals, and the girls could use that money for several initiatives, including a donation to a local pet shelter.

For as long as I've known Mrs. Castle, she has always worked hard is highly dedicated to her family and employer. Mrs. Castle experienced many hardships as a single mother and, like any single mother on a single income, she made significant sacrifices to raise her boys to be fine young, contributing men to society.

I know the actions of the people at the Capitol and January 6th have negatively impacted many in our country, and there are activities that day that I disapproved of. However, Mrs. Castle's character, much like her sister Ms. DiFrancesco has been consistent since the day I met her. Mrs. Castle is a tenacious, honest, and caring individual."

7

(Letter attached Exhibit D)

## **CONCLUSION**

Mrs. Castle is truly sorry for what she has done and how she has disappointed those that she loves. When the Judgment Order is entered against Mrs. Castle, she will be convicted of a criminal offense for the first time in her entire life. She is profoundly humbled that her actions have not only affected her community and her life, but also the lives of her closest loved ones. There is no denying the seriousness of Mrs. Castle's transgressions, and she does not intend on doing so – she was clearly wrong. Instead, she offers herself to the mercy of this Court, to take into consideration not only those actions that brought her before this Court, but to take into consideration the full value of her life that has always been committed to her family, her career and to her community when fashioning its reasonable sentence.

Taking together the nature and circumstances of the instant offense, her personal history and characteristics, and considerations of recidivism, Mrs. Castle respectfully asks this Honorable Court for leniency when imposing a sentence, one that is sufficient, but not greater than necessary, to comply with the purposes of sentencing.

For the reasons set forth herein, and to be further discussed at the sentencing hearing, this Court should impose a sentence of probation on Mrs. Castle. The punishment is sufficient but not greater than necessary to accomplish the purposes set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

_/s/_

Counsel for Trudy Castle

MICHAEL P. GILLESPIE
*Counsel for Trudy Castle*
The Law Offices of Gillespie & Gillespie
53 W. Jackson Blvd., Suite 1062
Chicago, IL 60604
Tel. (312) 588-1281
Fax (312) 588-1284
michael@gillespieandgillespielaw.com

## CERTIFICATE OF SERVICE

      I hereby certify I electronically filed the foregoing with the Clerk of the Court for the United States, District of Columbia and said filing complies with Fed.R.Crim.P.49, Fed.R.Civ.P.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

_____
Michael P. Gillespie

MICHAEL P. GILLESPIE
*Counsel for Trudy Castle*
The Law Offices of Gillespie & Gillespie
53 W. Jackson Blvd., Suite 1062
Chicago, IL 60604
Tel. (312) 588-1281
Fax (312) 588-1284
michael@gillespieandgillespielaw.com